UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:08-CV-374 |
| | ) | | (VARLAN/SHIRLEY) |
| WILLIAM RICHARD BAKER, JR., | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION

This civil action is before the Court on the United States of America's ("United States") Motion for Summary Judgment. [Doc. 5.] After Defendant William Richard Baker, Jr., ("Defendant") requested an extension of time to file a response [Doc. 8], which the United States opposed [Doc. 9], the Court granted the Defendant an extension of 60 days from entry of the Court's order to file a response. [Doc. 11.] Defendant has not filed a response before or after expiration of the 60-day deadline nor requested another extension. The United States' motion for summary judgment is now ripe for the Court's consideration. The Court has carefully considered the pending motion, along with the relevant and supporting materials submitted in this matter. [*See* Docs. 1, 3, 5, 6.] For the reasons set forth herein, the United States' Motion for Summary Judgment [Doc. 5] will be granted.

## I.     BACKGROUND

On or about September 5, 1988, Defendant executed one promissory note to secure four federally guaranteed student loans. [Docs. 1 at 1; 1-1 at 1; 3 at 1.] On January 17, 1989,

Defendant allegedly signed two promissory note addendums related to his student loans. [Doc. 1-1 at 4-5.] The first promissory note addendum stated that the interest rate was ten percent. [Doc. 1-1 at 4.] The second promissory note addendum stated that the beginning principal balance of the loan was $38,460.80. [Doc. 1-1 at 5.] The loan was disbursed for $38,460.80 on January 31, 1989, at 10.00 percent interest per annum. [Docs. 1-2 at 1; 5-1.] The loan obligation was guaranteed by the Tennessee Student Assistance Corporation, and reinsured by the Department of Education under loan guaranty programs. [Doc. 5-1 at 2.]

According to the United States, Defendant defaulted on the obligation on July 30, 1997, when demand was made without success. [Doc. 5-1 at 2.] After the holder of the loan guarantee and guaranty agency were unable to collect on the loan, the amount due and title to the loan were then assigned to the United States Department of Education on January 14, 2004. [Doc. 5-1 at 2.] As of June 3, 2008, the United States claims that the total principal amount remaining due is $39,953.03, plus accrued interest in the amount of $43,320.64, for a total amount due of $83,273.67. On September 15, 2008, the United States filed the present cause of action on behalf of the Department of Education. [Doc. 1 at 1.]

## II.    ANALYSIS

### A.    Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that

2

there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the fact finder. *Id.* at 249. The judge does not weigh the evidence, judge the credibility of witnesses, nor determine the truth of the matter. *Id.* Thus, the central inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

**B.     Student Loan Recovery Claim**

In its motion for summary judgment, the United States contends that it has sufficiently established its prima facie right to recovery and that the defenses raised by Defendant are without merit and insufficient to prevent summary judgment from being granted in this case. In his answer, Defendant admits to the principal amount of the indebtedness, but he denies

that the United States would be entitled to collect the claimed amount due to laches, the statute of limitations, abandonment, waiver, fraud, and duress.[1]

As an initial matter, the Court must determine whether the United States has met its prima facie burden. "To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default." *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009) (citations omitted). In this case, Defendant has admitted that he "executed one (1) promissory note to secure loans authorized under Title VI-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1070 et seq. (34 C.F.R. Part 682)." [Docs. 1 at 1; 3 at 1.] Therefore, the first prima facie element has been satisfied.

Likewise, the United States has satisfied the second and third prima facie elements. The United States may establish these prima facie elements when a loan analyst certifies under penalty of perjury that a borrower has defaulted on a loan and that the loan was assigned to the United States. *United States v. Davis*, 28 F. App'x 502, 503 (6th Cir. 2002). In this case, the United States has presented the declaration of a loan analyst, which states (1) that Defendant defaulted on his loan obligation on July 30, 1997, and (2) that the loan was assigned to the United States Department of Education on January 14, 2004. [Doc. 5-1

---

[1]Defendant did not file a responsive brief or other materials before or after the 60-day extension period deadline. These affirmative defenses are based solely on Defendant's answer. [Doc. 3.]

4

at 2.] Thus, the United States has established its prima facie case that it is entitled to collect on the promissory note in this case.

"Once such a prima facie case is established, defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation." *Petroff-Kline*, 557 F.3d at 290 (citation omitted). In the answer, Defendant states the affirmative defenses of laches, statute of limitations, abandonment, waiver, fraud, and duress. Notably, the party who raises an affirmative defense has the burden of proof as to those defenses. *Fonseca v. Consol. Rail Corp.*, 246 F.3d 585, 590-91 ("Thus, if [the defendant] failed to meet its burden of proof, [the plaintiff] had no obligation to proffer any additional evidence in order to rebut the [affirmative] defense."). Because Defendant did not file a brief or submit any supporting materials to respond to the United States' motion for summary judgment, he has clearly failed to meet his burden of proof or raise any genuine issues of material fact in this case. Defendant has not shown or even attempted to show that any of the affirmative defenses asserted would apply to the United States. On that basis, summary judgment in favor of the United States is appropriate.

Additionally, the Court questions Defendant's reliance on the affirmative defenses of laches, statute of limitations, abandonment, and waiver in light of Congress's elimination of the statute of limitations in student loan enforcement and collection actions by the United States. *See* 20 U.S.C. § 1091a ("It is the purpose of this subsection to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be

5

enforced."). In light of 20 U.S.C. § 1091a, Defendant cannot rely on the affirmative defense of the statute of limitations. Furthermore, due to the elimination of the statute of limitations, federal courts have expressed doubts about the availability of the affirmative defense of laches and defenses that mirror a laches argument in these sort of student loan enforcement and collection actions. *See Proctor v. United States Dep't of Educ.*, 196 F. App'x 345, 349 (6th Cir. 2006) (citing *United States v. Lawrence*, 276 F.3d 193, 196 (5th Cir. 2001)). Even if the Court were to consider these defenses, for the reasons already discussed, Defendant has not shown that the United States "engaged in dilatory tactics or otherwise unduly delayed seeking legal redress" or otherwise engaged in laches, abandonment, or waiver. *Proctor*, 196 F. App'x at 349. Thus, Defendant has failed to raise any genuine issues of material fact, and summary judgment in favor of the United States is appropriate in this case.

## III. CONCLUSION

For the reasons set forth herein, the United States of America's Motion for Summary Judgment [Doc. 5] will be **GRANTED**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

6